IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br>                              Plaintiff,<br>vs.<br><br>Bob Walkup, individually and in his official capacity as Mayor of the City of Tucson; Michael Rankin, individually and in his capacity as Tucson City Attorney; Kathleen Robinson, individually and in her official capacity as Assistant Chief of the Tucson Police Department; Dormand, individually and in her capacity as Officer of the Tucson Police Department; Friedman, individually and in his capacity as Officer of the Tucson Police Department; Flores, individually and in his capacity as Officer of the Tucson Police Department; Kugler, individually and in his capacity as Officer of the Tucson Police Department; The City of Tucson; The Tucson Police Department, a legal entity of the City of Tucson, and Does 1-100,<br>                              Defendants. | No. CV-11-460-TUC-CKJ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Roy Warden ("Warden") filed this action on July 29, 2011, and filed an amended complaint ("Amended Complaint") on November 22, 2011 (Doc. 6).

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 28)[1] and Plaintiff's Motion for Leave to Amend Complaint (Doc. 40). For the reasons stated below, the Magistrate Judge recommends that the District Court grant in part and deny in part Defendants' motion to dismiss and deny Plaintiff's motion to amend.

Because oral argument would not aid the Court's decisional process and the briefing is adequate, Defendants' request for oral argument will be denied. *See generally Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges four claims in his Amended Complaint. In Count One, Plaintiff alleges three "Violations of Freedom of Speech" under the First Amendment:

A.   Defendant Robinson prevented Plaintiff from entering Armory Park on three different occasions, May 1, 2008, May 1, 2009, and May 1, 2010;

B.   Defendants Flores and Kugler arrested Plaintiff on February 4 2008 for burning the Mexican flag; and

C.   An unidentified Tucson Police Department (TPD) officer who threatened Plaintiff with arrest if he did not move more than 1,000 feet away from Armory Park on May 1, 2010.

(¶ 118A-C)[2]

In Count Two, Plaintiff alleges that Defendants Dormand and Friedman engaged

---

[1] "Doc." refers to the documents in this Court's file.

[2] Unless otherwise stated, the facts are taken from the Amended Complaint.

in an act of "First Amendment Retaliation" on August 3, 2009 when they entrapped Plaintiff and seized his car. (¶ 121)

In Count Three, Plaintiff alleges a claim of "False Arrest" by Defendants Flores and Kugler on February 4, 2008, and by Defendants Dormand and Friedman on August 3, 2009. (¶ 124)

In Count Four, Plaintiff alleges "Conspiracy" to deny Plaintiff his rights under the First Amendment by:

A. Defendants Miranda and Robinson when they met with Open Border Activists on or about April 11, 2006 and agreed to deny Plaintiff the exercise of rights guaranteed by the First Amendment;

B. Defendant Robinson when she deterred Plaintiff from exercising his First Amendment rights on May 1, 2006;

C. Defendant Robinson when she met with and gave instructions to Wade Colwell and other Open Border Activists prior to their assault on Plaintiff in Kennedy Park on May 6, 2006;

D. Defendant Robinson in Kennedy Park on May 6, 2006 when she worked in Concert with Open Border Activists for the purpose of depriving Plaintiff of his rights secured by the First Amendment;

E. Defendant Rankin when he advised TPD to take steps to deny Plaintiff's rights secured by the First Amendment, and directed Tucson City Prosecutor Alan Merritt to commence Plaintiff's two year prosecution for burning the Mexican

flag on February 4, 2008;

  F. Defendant Robinson on May 1, 2008, May 1, 2009, and May 1, 2010 when she acted under the direction of unknown Defendants, to deny Plaintiff opportunities to exercise his First Amendment rights in Armory Park; and

  G. Defendants Dormand and Friedman on August 3, 2009 when they conspired to entrap Plaintiff and seize his car.

(¶ 127A-G)

  On December 12, 2012, Defendant City of Tucson filed an answer to the Amended Complaint, stating that the individually named defendants and the Tucson Police Department had not been served. (Doc. 8) This Court granted Plaintiff an extension of time, until January 10, 2012, to serve the remaining defendants. (Doc. 10) Defendants Miranda, Rankin, Robinson, Dorman, Friedman and the Tucson Police Department filed an answer to the Amended Complaint on January 18, 2012. (Doc. 20) On April 4, 2012, an Amended Answer was filed for the purpose of including Defendant Kugler in the answer. (Doc. 27) Thereafter, all served Defendants filed a Rule 12(b)(6) motion to dismiss. (Doc. 28)

**II.** **DISCUSSION**

  a. <u>Motion to Construe as Motion for Judgment on the Pleadings</u>

  Plaintiff argues that because Defendants filed a motion to dismiss after they filed their answers to the First Amended Complaint, Defendants have waived their right to move the Court to dismiss Plaintiff's claim under Rule 12(b), and the motion to dismiss

should be denied as untimely. *See* Fed.R.Civ.P. 12(b) (motion asserting a Rule 12(b) defense must be made before pleading if a responsive pleading is allowed).

Defendants concede they filed their Rule 12(b)(6) motion after their responsive pleadings, but request that the Court treat the motion as a motion for judgment on the pleadings. Though technically untimely, a motion to dismiss for failure to state a claim filed after filing of an answer should be treated as a motion for judgment on the pleadings under Rule 12(c) and 12(h)(2). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir, 1980). Accordingly, this Court will construe Defendants' motion to dismiss as a motion for judgment on the pleadings.

"Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.2012)(quoting *Brooks v. Dunlop Mfg. Inc.*, 2011 WL 6140912, at *3 (N.D.Cal. 2011)).

When analyzing a complaint for failure to state a claim this Court must take as true all allegations of material fact and construe them in the light most favorable to plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth,"

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009), and therefore " 'are insufficient to defeat a motion to dismiss for failure to state a claim,' " *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir.2010) (citation omitted). Dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir.1997).

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must allege facts sufficient to raise "a plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Twombly* 550 U.S. at 556, n. 3. A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Id.* at 555.

*Twombly* did not alter this Court's obligation to hold *pro se* complaints 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (per curiam)). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of

the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982)).

       b.  <u>Statue of Limitations</u>

       Defendants move to dismiss the allegations found in Count One - paragraphs A and B, Count Three, and Count Four - paragraphs A through F, for failure to comply with the two-year statute of limitation.

       Defendants assert that "[i]n Arizona, the courts apply a two-year statute of limitations to § 1983 claims." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). Plaintiff does not contest, and the Court agrees with, this assertion. Because § 1983 does not specify a statute of limitations, the Supreme Court has determined that the statute of limitations for § 1983 claims is the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 274–76 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004). The statute of limitations for personal injury actions in Arizona is two years. Ariz.Rev.Stat. Ann. § 12–542. Federal law, however, determines when a cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *TwoRivers*, 174 F.3d at 991. "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Cline v. Brusset*, 661 F.2d 108, 110 (9th Cir.1981).

### 1.  Count One

Defendants argue that the allegations against Defendant Robinson alleging she prevented Plaintiff from entering Armory Park on May 1, 2008 and May 1, 2009, should be dismissed because Plaintiff had until May 1, 2010 for the 2008 incident and May 1, 2011 for the 2009 incident to file his complaint; instead, he filed his complaint on July 29, 2011, after the statute of limitations had run on both claims.  Defendants also argue that the allegations against Defendant Flores and Kugler for arresting Plaintiff for burning the Mexican flag on February 4, 2008 (Doc. 6 ¶118B) must also be dismissed for failure to comply with the two-year statute of limitation. Plaintiff had until February 4, 2010 to file a lawsuit; but he did not file a lawsuit until July 29, 2011.

Plaintiff responds to Defendants' argument, asserting that unnamed members of TPD have continued to act in furtherance of City of Tucson policy, and, as recently as May 1, 2012, unnamed officers acting upon orders from Defendant Robinson, prevented Plaintiff's entry into Armory Park for the purpose of public speech. Plaintiff asserts that such a conspiracy claim accrues upon the commission of the last act of the conspiracy. Notwithstanding Plaintiff's failure to plead his cause of action in Count One as a conspiracy, his proposition is incorrect.[3] The Ninth Circuit has determined that civil

---

[3]Moreover, though Plaintiff has not raised a continuing violations argument, he would not benefit from such an assertion. The Supreme Court has rejected the "serial violation" basis for a continuing violation claim, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. […e]ach discrete act starts a new clock for filing charges alleging that act[.]" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir.2002)(applying *Morgan* to a §

conspiracies accrue in accordance with the last overt act doctrine, which dictates that injury and damage in a civil conspiracy flow from the overt acts, not from the continuance of a conspiracy. *Gibson v. United States*, 781 F.2d 1334, 1340 (9ᵗʰ Cir.1986). "Consequently, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff, and [s]eparate conspiracies may not be characterized as a single grand conspiracy for procedural advantage." *Id.* (internal quotations and citations omitted)(citing *Fitzgerald v. Seamans*, 553, F.2d 220, 230 (D.C.Cir. 1977)). Accordingly, Plaintiff may recover only for the overt acts in Count One that he has specifically alleged to have occurred within the two-year limitations period, *i.e.*, the allegations of First Amendment violations that occurred on May 1, 2010.

### 2. *Count Three*

Defendants argue that all allegations alleging False Arrest must be dismissed because Plaintiff claimed that Flores and Kugler committed a false arrest against him on February 4, 2008 (Doc. 6 ¶124A)[4]. Plaintiff had until February 4, 2010 to file a lawsuit; but he did not file a lawsuit until July 29, 2011; almost one-and-a half years after the two-year statute of limitations had run.

---

1983 claim based on discrete time-barred acts).

[4]Though Defendants move the Court to dismiss Count Three as untimely, Defendants only addressed the timeliness of Paragraph A in their argument. Paragraph B alleges false arrest by Defendants Dormand and Friedman for an incident which occurred on August 3, 2009. The Magistrate Judge finds that Defendants have not moved to dismiss Paragraph B. Alternatively, and under the analysis described above, the Magistrate Judge recommends that this claim be found timely.

Plaintiff is incorrect in arguing that this claim accrued when his criminal prosecution was dismissed on April 9, 2010. Plaintiff relies primarily on *Owen v. Shores*, 24 Ariz.App. 250, 537 P.2d 978 (1975) in support of this argument. In *Owen*, the Arizona Court of Appeals held that a plaintiff's claim for malicious prosecution accrues when the prior proceedings have terminated in the plaintiff's favor. 537 P.2d at 979. The Supreme Court has held that the standard rule is that accrual occurs when the plaintiff has a complete and present cause of action. *Wallace*, 549 U.S. at 387. In actions alleging wrongful arrest, the statute of limitations normally commences to run as soon as the wrongful arrest occurred. *Id.* "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* at 390 (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 11, p. 54, § 119, p. 888 (5th ed.1984); *see also Heck v. Humphrey*, 512 U.S. 477, 484 (1994); 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:15, p. 80 (1990).) Thus, even construed as a false imprisonment claim, the claim accrues not when the charges were dismissed, but when legal process was initiated against Plaintiff. *See id*. Plaintiff has not alleged any factual basis for arguing that the false arrest that occurred on February 4, 2008, continued without legal process for a period sufficient to bring this claim within the limitations period.

Accordingly, the Magistrate Judge finds that this claim accrued on February 4,

2008, and should be dismissed.[5]

### 3.  Count Four

Defendants argue that, as to Count 4, the allegations of events that occurred on April 11, 2006 (Doc. 6, ¶127A), May 1, 2006 (Doc. 6, ¶127B), and May 6, 2006 (Doc. 6, ¶127C & D), February 4, 2008, (Doc. 6, ¶127E), May 1, 2008 and May 1, 2009 (Doc. 6, ¶127F) must be dismissed for failure to comply with the two-year statute of limitation. Plaintiff filed his complaint more than five-years after the 2006 events and more than three-and-a-half years after the 2008 event. With regards to the May 1, 2009 event, Plaintiff had until May 1, 2011 to file a complaint but did not file the complaint until July 29, 2011 almost 3 months after the statute of limitations deadline had passed.

Plaintiff's assertions that his "Conspiracy" claims in Count Four survive because the last act of the conspiracy dictates the date of accrual for the cause of action is contrary to the Ninth Circuit's holding in *Gibson*, 781 F.2d at 1338-1340. The two-year statute of limitations for the April 11, 2006 act, the May 1, 2006 act, the May 6, 2006 act, and the February 4, 2008 act, ran before the Plaintiff filed his first complaint on July 29, 2011. Because Plaintiff may recover only for the overt acts that he has specifically alleged to have occurred within the two-year limitations period, Paragraphs A through the first two acts alleged in Paragraph F of Count Four as alleged, should be dismissed as untimely.

---

[5] To the extent Plaintiff suggests that this claim should not be dismissed because he moves to amend the complaint and add timely claims for Malicious Prosecution and Abuse of Process, the Magistrate Judge finds this is not properly before the Court in addressing Defendants' motion for judgment on the pleadings. The Magistrate Judge will address proposed amendments below in a discussion of Plaintiff's motion to amend.

c.  <u>Issue and Claim Preclusion</u>

Defendants argue that Plaintiff made factual allegations about the events of April 11, 2006, May 1, 2006[6], and March 19, 2007, in a previous complaint filed in this Court, and resolved by Magistrate Judge Pyle in *Warden v. The Tucson Police Department*, No. CV 07-190-TUC-CRP, thus Plaintiff is collaterally estopped from raising those issues in this lawsuit. Plaintiff concedes that Defendants are correct as to the events allegedly occurring on May 1, 2006 because Magistrate Judge Pyle granted summary judgment as to those events. Plaintiff argues that Magistrate Judge Pyle's order did not, however, resolve issues related to the factual allegations arising from events which occurred on April 11, 2006, and March 19, 2007. The Court finds that it need not reach the issue of preclusion as all of the allegations that Defendants argue are precluded are time barred, as discussed, *supra*, Section II.b.

d.  <u>Failure to State a Claim</u>

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989)(citations omitted). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a

---

[6] Though Defendants refer to the events which occurred on April 11, 2006 and May 1, 2006, the factual allegations actually refer to events which occurred on April 11, 2006, and events which occurred *several days after* regarding a promise made by Defendant Robinson offered to Plaintiff in exchange for an agreement not to demonstrate on May 1, 2006. (Doc. 6, ¶¶ 32-35) There are no factual allegations regarding events which occur on May 1, 2006. (*Id.*)

particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 1.    Count Two - First Amendment Retaliation

Defendants argue that Plaintiff fails to state a claim for First Amendment retaliation because Plaintiff has not alleged that he was engaged in constitutionally protected activity when Defendant Police officers Dormand and Friedman entrapped Plaintiff and seized his car on August 3, 2009. Plaintiff submits that the events which occurred on August 3, 2009 were an exercise of the long-standing custom and policy of Tucson City Officials to use their public office, and the color of law, to engage in retaliatory acts against individuals who exercise their First Amendment rights in opposition to the official's personally or their policy generally. The Magistrate Judge finds that Plaintiff's allegations are insufficient to state a claim of retaliation based on Plaintiff's exercise of a constitutionally protected activity.

To establish a First Amendment claim under Section 1983, the plaintiff must show that: (1) he was engaged in a constitutionally protected activity; (2) the defendant's retaliatory action caused the plaintiff to suffer an injury that would likely deter a person of ordinary firmness from engaging in that protected activity; and (3) the retaliatory action was motivated, at least in part, by the plaintiff's protected activity. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir.2000). A plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action. *Hartman v. Moore*, 547 U.S. 250, 259 (2006). "[Plaintiff] must ultimately prove

that [Defendants'] desire to cause the chilling effect was a but-for cause of [Defendants'] action." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–01 (9th Cir.2008) (quoting *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir.2006)).

Having reviewed Count Two of the Amended Complaint, the Magistrate Judge finds that the allegations do not establish that Officers Friedman and Dormand's citation of Plaintiff and impoundment of his vehicle was motivated in any way by the Plaintiff's exercise of constitutionally protected activity. Plaintiff did not allege that he was engaged in a constitutionally protected activity on the date of his encounter with Officers Friedman and Dormand, nor does he allege facts to support his position that the officers induced Plaintiff to drive an unregistered vehicle on a suspended license for the purpose of citing him and impounding his vehicle with an intent to chill his speech or punish him based on his exercise of protected speech. Furthermore, Defendants plainly had probable cause to cite Plaintiff; Warden does not dispute that he drove on a suspended license. Though Plaintiff alleges that he informed Officers Friedman and Dormand of his speaking appearances in front of the Tucson City Counsel, Plaintiff did not do so until after the officers had decided to cite Plaintiff and confiscate the car. (*See* Doc. 6, ¶¶ 102, 105-06) Plaintiff alleged that remarks made by other TPD officers while investigating another incident at Plaintiff's residence "confirmed TPD's animus towards Plaintiff." (*Id.*, ¶ 115) This, however, is insufficient to allege a retaliation claim against Officers Friedman and Dormand. Plaintiff submits that the events which occurred on August 3, 2009 were an exercise of the long-standing custom and policy of Tucson City Officials to

use their public office, and the color of law, to engage in retaliatory acts against individuals who exercise their First Amendment rights in opposition to the official's personally or their policy generally. This allegation, however, is insufficient to state a claim that Officers Friedman and Dorman's desire to cause such a chilling effect was a but-for cause of Defendants' actions on August 3, 2009. Because Plaintiff has failed to plead facts or allegations in Count Two from which to reasonably infer that any action taken by Defendants Friedman and Dormand was in retaliation for Plaintiffs' protected activity, the Magistrate Judge recommends that Defendants' Motion to dismiss Count Two of the Amended Complaint be granted.

### 2.   *Count Four – Entrapment and Conspiracy*

As discussed in Section II.b., *supra*, only the third claim of Paragraph F and Paragraph G allege acts which accrued within an actionable period of time. Defendants move to dismiss Count Four for failure to state a claim for entrapment and conspiracy, arguing first, that entrapment is not a cognizable claim under 42 U.S.C. § 1983, and second, that Plaintiff's conclusory allegations do not demonstrate an agreement or "meeting of the minds" required to establish a conspiracy among state actors for purpose of § 1983. Plaintiff does not respond to Defendants' argument, and a review of the Amended Complaint in light of the relevant caselaw establishes that these claims should be dismissed.

In the remaining timely claims of Count Four, Plaintiff alleges that the following Defendants "met, came to an agreement and acted in concert for the purpose of denying

Plaintiff his rights under the First Amendment as set forth below:"

    F.     Defendant Robinson on … May 1, 2010 when she acted under the direction of unknown Defendants, to deny Plaintiff opportunities to exercise his First Amendment rights in Armory Park; and

    G.     Defendants Dormand and Friedman on August 3, 2009 when they conspired to entrap Plaintiff and seize his car.

(¶ 127F-G)

In the body of the Amended Complaint, Plaintiff alleges that "On …May 01, 2010 Defendant Robinson <u>again</u> denied Plaintiff right of entry into Armory Park, Tucson Arizona, to speak in opposition to "Pro Raza" demonstrators who had gathered there [], Tucson City Open Border Policy and the Policy of the Mexican Government, even though Plaintiff <u>again</u> showed her the Mike Rankin Letter dated April 12, 2006 which stated, in sum and substance, that Exclusive Use Permits may not be used to deny First Amendment Rights as per <u>Garthright v. City of Portland</u>, 439 F.3d 573 (9th Cir. 2006). On May 1, 2010, subsequent to Defendant Robinson preventing his entry into Armory Park, Plaintiff moved across the street and began speaking to onlookers who had gathered there. However; an unidentified TPD officer approached Plaintiff and said, in sum and substance, if Plaintiff did not move himself more than 1,000 feet away from Armory Park he would be arrested." (Doc. 6, ¶¶ 83-85)(footnote omitted).

Plaintiff does allege in the Amended Complaint that four years before this incident, on April 11, 2006, "Defendants Miranda and Robinson, acting in their official

capacities, met with the leadership of various political activist groups and came to an agreement to deter Plaintiff from exercising his rights of speech and assembly under the First Amendment." (Doc. 6, ¶ 32) This allegation is insufficient to state a claim for conspiracy for the May 1, 2010 incident for two reasons. First, there is no allegation that this meeting resulted in Defendant Robinson's actions taken on May 1, 2010, and second, the allegations are conclusory and without support.

Conclusory allegations of a conspiracy are insufficient to state a claim under § 1983. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002) (explaining the requirements of a conspiracy claim under § 1983); *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (though pro se pleadings are to be liberally construed, a plaintiff must nonetheless present factual allegations sufficient to state a plausible claim for relief); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (we need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989) (stating that conclusory allegations of conspiracy do not support a § 1983 claim). Plaintiff makes only conclusory assertions that Defendant Robinson has conspired to violate his civil rights and, consequently, fails to state a claim for conspiracy as to Paragraph F. Similarly, Plaintiff fails to allege more than a conclusory allegation that Defendants Friedman and Dormand conspired to entrap Plaintiff. The Court finds, therefore, that Warden has failed to state a claim on which relief can be granted.

Furthermore, Plaintiffs conspiracy to entrap claim fails because Plaintiff has not alleged the deprivation of a constitutional right. To state a cause of action under the Civil Rights Act it is necessary that there be an allegation that plaintiff was denied or that there was a conspiracy to deny him a constitutional right, privilege or immunity. *See Wood,* 879 F.2d at 587. Here, Plaintiff has alleged entrapment by Officers Friedman and Dormand. While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not, *per se*, constitute a constitutional violation. *See Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007)(to the extent defendants actions constituted entrapment under state law, they do not by themselves constitute a violation of a constitutional right) citing *United States v. Russell*, 411 U.S. 423, 430 (1973)(rejecting a criminal defendant's contention that his conviction violated the Constitution because law enforcement officials entrapped him, stating that government's conduct violated no independent constitutional right of the defendant);  *Smith v. Lang*, 114 F.3d 1192 (7th Cir.1997) (even if a plaintiff prevailed on an entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); *Stobaugh v. Wood*, 107 F.3d 17 (9th Cir.1997) (entrapment cannot serve as the basis of a federal habeas claim); *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir.1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim); *Giovanetti v. Tomasi*, 25 F.3d 1048 (6th Cir.1994); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir.1993) (no § 1983 claim because entrapment is not a constitutional violation); *Jones v. Bombeck*, 375 F.2d 737 (3rd Cir.1967) (no cause of action under Civil Rights Act, which requires a constitutional

violation, for entrapment). Accordingly, in addition to failing to adequately allege a conspiracy, Plaintiff has failed to allege Officer Friedman and Dormand's actions on August 3, 2009 denied Plaintiff a constitutional right. The Court finds, therefore, that Warden has failed to state a claim on which relief can be granted.

      e.  <u>Motion to Dismiss the Amended Complaint: Failure to Serve</u>

Defendants note that this Court ordered completion of service of the complaint on all Defendants by February 10, 2012. (See Doc. 18). Because there is no affidavit of Service in the Court's docket indicating that Officer Flores has been served, Defendants move this Court to dismiss Officer Flores from this action. Though Plaintiff does not address this argument directly, Plaintiff states in his response that "by April 06, 2012 … all Defendants still a party to this action had been served, and all Defendants, through counsel, had already answered the First Amended Complaint." (Doc. 35, at 2.) A review of this Court's docket, however, establishes that no affidavit of service has been filed indicating Officer Flores was served, and that Officer Flores did not join in the Defendants' answers and amended answers to Amended Complaint. (*See* Doc. 8, 20, 27)

If service is not effectuated within the time allowed under the Rule, the Court may either dismiss the case or extend the time to accomplish service. Under Rule 4(m) of the Federal Rules of Civil Procedure, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m). Accordingly, the Magistrate Judge recommends that Officer Flores be dismissed from this action,

unless Plaintiff shows cause in writing, through objections to this Report and Recommendation, why this case should not be dismissed without prejudice, for failure to serve Officer Flores pursuant to Rule 4(m), Fed.R.Civ.P.

f.   Motion to Dismiss the Amended Complaint: Non-Jural Entity

The Defendant argues, and Plaintiff concedes, that the Tucson Police Department must also be dismissed as a defendant in this case because it is not a jural entity capable of being sued. (Doc 28, at 11) (citing *Cameron v. Gila County*, 2011 WL 2115657 (D.Ariz. 2011)).

Accordingly, the Magistrate Judge recommends that the Tucson Police Department be dismissed as a defendant in this action.

g.   28 U.S.C. § 1915(e)(2)(A)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious or fails to state a claim upon which relief can be granted, or seeks monetary relief from an individual who is immune from such relief. Section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim. *Lopez v. Smith* 203 F.3d 1122, 1127 (9th Cir.2000) citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). Authority for *sua sponte* dismissal by the Court is found in 28 U.S.C. §1915(e)(2).  This provision applies to all actions filed *in forma pauperis*, whether or not the Plaintiff is incarcerated. *See* 28 U.S.C. §1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir.2000). An action is deemed frivolous where there is no arguable basis for

relief either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Id.* at 623. (citations omitted).  Moreover, before dismissing a *pro se* complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. *Id.* at 623-624 (citations omitted).

## 1. Count Three – False Arrest

A claim for unlawful arrest as a Fourth Amendment violation is cognizable under § 1983 when the arrest is alleged to have been made without probable cause or justification. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir.2001). Warden fails to state a claim in Count Three for two reasons. First, he fails to allege that Officer Friedman and Dormand's "false arrest" violated his Fourth Amendment. Issuance of a citation, as alleged by Plaintiff, "is simply not tantamount to an arrest." *See Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir.1986); *United States v. Woods*, 468 F.2d 1024 (9th Cir. 1972) (distinguishing between an arrest and a citation). Thus, it is not evident that a "false citation" necessarily implicates Fourth Amendment rights, cognizable under § 1983. Second, by Warden's own statements, it appears that officers had probable cause to issue him a citation for driving on a revoked license in a car with expired registration. (Doc. 6, ¶ 92-94, 102) Warden does not allege facts indicating that the arresting officer did not have probable cause or other justification to cite him. *See Dubner*, 266 F.3d at 964. The Court finds Warden has failed to state a claim

on which relief can be granted, and thus recommends dismissal of this claim. *See* 28 § 1915(e)(2)(B).

### 2.   *Count One – May 1, 2010 Incident*

Warden alleges that his First Amendment right to "freedom of speech" was violated on May 1, 2010 after he was prevented from entering Armory Park to speak in opposition to a gathering of demonstrators, and was subsequently attempting to speak with onlookers gathered across the street when he was told by an unidentified TPD officer that if he did not move more than 1,000 feet away from Armory Park he would be arrested. Liberally construed, Plaintiff has stated a claim against the unnamed Defendant.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a general rule, the use of Doe defendants to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir.1980). Unknown defendants may be included in a complaint in certain circumstances, however, such as when the identity of the alleged defendants is not known prior to the filing of the complaint, but may be identified through discovery. *Id*.

The Magistrate Judge recommends that the District Court not dismiss the Amended Complaint at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds). The Magistrate Judge does, however,

recommend that the District Court require Plaintiff to provide to the Court, in writing, (1) an explanation of what Plaintiff has done to try to learn the name of the unnamed Defendant in Count One, (2) a description of what discovery he would undertake to learn the unnamed Defendant's name, and (3) the identity of at least one person who could be served with discovery in an attempt to learn the unnamed Defendant's name.

The Magistrate Judge recommends that, as to the remaining Doe Defendants, the Amended Complaint fails to allege an affirmative link between a specific injury to Plaintiff and the conduct of a particular unnamed Defendant and therefore the remaining Doe Defendants, *i.e.*, Does 1-100, must therefore be dismissed.

## III.   CONCLUSION

The Magistrate Judge recommends that Defendants' motion to dismiss, construed as a motion for judgment on the pleadings, (Doc. 28), be granted in part as follows.

The Magistrate Judge recommends that the District Court dismiss Count One, Paragraphs A and B, Count Three, Paragraph A, and Count Four, Paragraphs A through E, and the first two claims of Paragraph F, for failure to comply with the two-year statute of limitations applicable to Plaintiff's claims.

The Magistrate Judge further recommends that the District Court dismiss Count Two, Three and Four for failure to state a claim.

The Magistrate Judge further recommends that, absent a show of cause, Officer Flores be dismissed from this action in its entirety.

The Magistrate Judge further recommends that the Tucson Police Department be

dismissed from this action in its entirety.

The Magistrate Judge further recommends that the motion be denied in part[7], as to Count One, Paragraph C.

The Magistrate Judge further recommends that the Court order Plaintiff to provide, in writing, (1) an explanation of what Plaintiff has done to try to learn the names of the unnamed Defendant in Count One, Paragraph C, (2) a description of what discovery he would undertake to learn their names, and (3) the identity of at least one person who could be served with discovery.

The Magistrate Judge further recommends that Does 1-100 be dismissed from the Amended Complaint.

## IV.    MOTION TO AMEND

Plaintiff has filed a "Motion for Leave to Amend the Complaint," (Doc. 40), a "Declaration in Support of Motion for Leave to Amend the Complaint," (Doc. 41) and a proposed Second Amended Complaint (Doc. 42).

Defendants object to the motion for leave to amend for failure to comply with Rule 8, Fed.R.Civ.Pro., for futility, and failure to establish that new claims and defendants relate back to the original date of the Complaint for statute of limitation purpose.

Rule 15 of the Federal Rules of Civil Procedure states that the court should freely

---

[7] Though Defendants moved to dismiss the entire action, Defendants' motion did not raise any legal argument in support of dismissing these claims.

give leave when justice so requires. Fed.R.Civ.P. 15(a)(2). This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). "It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." *Id.* (internal citations omitted).  Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cook, Perkiss & Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curium).

Though Plaintiff attempts to distinguish both the length, content and organization of his proposed Second Amended Complaint from the "extraordinarily prolix" complaint rejected in *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011), Plaintiff's proposed complaint nonetheless falls short of satisfying the requirements of Rule 8.

Counts One, Two, Four and Six of the proposed Second Amended Complaint fail to demonstrate an affirmative link between the alleged violation and the conduct of individual defendants. These counts are alleged against "named and unnamed defendants" (Doc. 42, ¶¶ 118-122, 126-128), for a "series of acts" (Counts One, Two) or a "series of agreements" (Count Four), or a "five year vendetta" (Count Five). None of these allegations establish a link between the alleged injury and the conduct of an

individual Defendant. To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Alleging that "named and unnamed defendants" engaged in a "series of acts" that violated Plaintiff's constitutional rights is insufficient to state a viable constitutional claim. The Court cannot be expected to wade through Plaintiff's lengthy recitation of facts and pick and choose which named and unnamed Defendants and which facts support Plaintiff's claims

Many of Plaintiff's allegations in the proposed Second Amended Complaint are still barred by the statute of limitations. Reasserting these allegations in an amended complaint would be futile.

Count Five alleges a Malicious Prosecution claim against unnamed Defendants for improperly exerting pressure on Defendants Rankin, Merritt and Mehroff, or otherwise engaging in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings against Plaintiff for the purpose of depriving Plaintiff of his constitutional rights to free speech and equal protection.

Plaintiff's allegations that unnamed Defendants improperly exerted pressure or otherwise engaged in wrongful or bad faith conduct is also insufficient to establish a link between the alleged injury of Plaintiff and the conduct of the unnamed Defendants.

Because the Magistrate Judge finds that the Second Amended Complaint fails to cure the pleading deficiencies of the Amended Complaint and the proposed amendments would be futile, the Magistrate Judge recommends that the District Court deny Plaintiff's

motion to amend. *See Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 247.

## V.   RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court GRANT IN PART and DENY IN PART Defendants' motion to dismiss, construed as a motion for judgment on the pleadings, (Doc. 28), as follows:

The Magistrate Judge RECOMMENDS that the District Court GRANT Defendants' Motion IN PART and DISMISS:

(1) Count One, Paragraphs A and B, Count Three, Paragraph A, and Count Four, Paragraphs A through E, and the first two claims of Paragraph F, for failure to comply with the two-year statute of limitations applicable to Plaintiff's claims.

(2) Count Two, Count Three and Count Four for failure to state a claim.

The Magistrate Judge further FURTHER RECOMMENDS that, absent a show of cause, Officer Flores be dismissed from this action in its entirety.

The Magistrate Judge FURTHER RECOMMENDS that the Tucson Police Department be dismissed from this action in its entirety.

The Magistrate Judge FURTHER RECOMMENDS that the motion to dismiss be DENIED IN PART, as to Count One, Paragraph C.

The Magistrate Judge FURTHER RECOMMENDS that the Court order Plaintiff to provide, in writing, (1) an explanation of what Plaintiff has done to try to learn the names of the unnamed Defendant in Count One, Paragraph C, (2) a description of what discovery he would undertake to learn their names, and (3) the identity of at least one

person who could be served with discovery.

The Magistrate Judge FURTHER RECOMMENDS that the District Court deny Plaintiff's motion to amend. (Doc. 40)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed R. Civ.P. 72(b).

If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir) (en banc), cert. denied, 540 U.S. 900 (2003).

If objections are filed the parties should use the following case number: **CV 11-0460-TUC-CKJ**.

Dated this 2nd day of October, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 28 -