1  **WO**

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9   ROY WARDEN,                         )
                                        )
10          Plaintiff,                  )
                                        )   No. CIV 11-460-TUC-CKJ (BPV)
11  vs.                                 )
                                        )
12  BOB WALKUP, et al.,                 )          **ORDER**
                                        )
13          Defendants.                 )
                                        )
    _____)
14

15          On October 2, 2012, Magistrate Judge Bernardo P. Velasco issued a Report and

16  Recommendation (Doc. 46) in which he recommended that Defendants' Motion to Dismiss

17  be construed as a Motion for Judgment on the Pleadings (Doc. 28) and that it be granted in

18  part and denied in part. The Magistrate Judge further recommended that the Tucson Police

19  Department, Does 1-100, and, absent a show of cause, Officer Flores be dismissed from this

20  action in its entirety. The Magistrate Judge also recommended that Plaintiff Roy Warden

21  ("Warden") be ordered to provide information regarding unnamed Defendants. Lastly, the

    Magistrate Judge recommended the Court deny Warden's motion to amend. (Doc. 40)
22
            Magistrate Judge Velasco advised the parties that, pursuant to 28 U.S.C. § 636(b), any
23
    written objections were to be filed and served within 14 days after being served with a copy
24
    of the Report and Recommendation. Warden has filed an objection; Defendants have filed
25
    a response. Warden has requested oral argument. The Court declines to schedule this matter
26
    for oral argument.
27

28

1   *Pleading Standards Set Forth by Fed.R.Civ.P. 8(a)(2)*

2          Warden argues that the magistrate judge incorrectly applied the standards for stating

3   a claim upon which relief may be granted.  In effect, Warden asserts that the magistrate judge

4   did not correctly apply the standards for determining whether claims upon which relief can

5   be granted.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two

6   alternative explanations, one advanced by defendant and the other advanced by plaintiff, both

7   of which are plausible, plaintiff's complaint survives a motion to dismiss[.]").  The Court will

8   not separately address Warden's argument, but will consider the standards in considering the

9   Report and Recommendation.

10

11  *Statute of Limitations*

12         Warden argues that exceptions, as set forth in *National RR Passenger Corp. v.*

13  *Morgan*, 536 U.S. 101 (2002), permit him to plead "allegations which fall outside the two

14  year statute of limitations to support timely claims."  Objections, p. 5.  Warden appears to

15  assert the Supreme Court permits "continuing violations" in hostile work environment

16  claims, "pattern-or-practice" claims, and to support a timely claim.  The Court agrees with

17  Warden that the Supreme Court "allowed the application of the [continuing violation]

18  doctrine to a claim for hostile work environment, which by its nature consists of multiple

19  related actions that by themselves may not constitute discrimination, but in the aggregate

20  create an ongoing discriminatory workplace environment."  *Darensburg v. Metropolitan*

21  *Transp.*, 611 F.Supp.2d 994, 1040 (N.D. Cal. 2009), *citing Morgan*, 536 U.S. at 122.

22  However, the Court specifically stated that it was not considering "the timely filing question

23  with respect to 'pattern-or-practice' claims brought by private litigants as none [were] at

24  issue [in *Morgan*].  *Morgan*, 536 U.S. at 115, n. 9.  Warden has not stated a hostile work

25  environment claim and, in light of the general rule prohibiting continuing violation claims,

26  the Court declines to consider whether a pattern-or-practice claim is appropriate.

27         As to permitting allegations to support a timely claim, the Supreme Court and the

28

1   Ninth Circuit have held that time-barred conduct may be offered as evidence of

2   discriminatory intent to support timely claims. *Morgan*, 536 U.S. at 113; *United Airlines Inc.*

3   *v. Evans*, 431 U.S. 533, 558 (1977); *Lyons v. England*, 307 F.3d 1092, 1111 (9th Cir.2002)

4   (time-barred acts of employment discrimination "relevant as background and may be

5   considered by the trier of fact in assessing the defendant's liability ...."). In other words,

6   Warden is permitted to allege such claims in support of his timely claims, but the time-barred

7   claims are not permitted.

8       The Court agrees with the magistrate judge's recommendation that Count One,

9   Paragraphs A and B, Count Three, Paragraph A, and Count Four, Paragraphs A through E,

10  and the first two claims of Paragraph F are barred by the statute of limitations. These claims

11  will be dismissed.

12

13  *Retaliation Claims Against Dormand and Friedman*

14      Warden asserts that the magistrate judge applied a summary judgment standard rather

15  than determining whether he had stated a claim upon which relief could be granted. The

16  magistrate judge stated:

17      Having reviewed Count Two of the Amended Complaint, the Magistrate Judge finds
        that the allegations do not establish that Officers Friedman and Dormand's citation
18      of Plaintiff and impoundment of his vehicle was motivated in any way by the
        Plaintiff's exercise of constitutionally protected activity. Plaintiff did not allege that
19      he was engaged in a constitutionally protected activity on the date of his encounter
        with Officers Friedman and Dormand, nor does he allege facts to support his position
20      that the officers induced Plaintiff to drive an unregistered vehicle on a suspended
        license for the purpose of citing him and impounding his vehicle with an intent to chill
21      his speech or punish him based on his exercise of protected speech. Furthermore,
        Defendants plainly had probable cause to cite Plaintiff; Warden does not dispute that
22      he drove on a suspended license. Though Plaintiff alleges that he informed Officers
        Friedman and Dormand of his speaking appearances in front of the Tucson City
23      Counsel, Plaintiff did not do so until after the officers had decided to cite Plaintiff and
        confiscate the car. (See Doc. 6, ¶¶ 102, 105-06) Plaintiff alleged that remarks made
24      by other TPD officers while investigating another incident at Plaintiff's residence
        "confirmed TPD's animus towards Plaintiff." (Id., ¶ 115) This, however, is
25      insufficient to allege a retaliation claim against Officers Friedman and Dormand.
        Plaintiff submits that the events which occurred on August 3, 2009 were an exercise
26      of the long-standing custom and policy of Tucson City Officials to use their public
        office, and the color of law, to engage in retaliatory acts against individuals who
27      exercise their First Amendment rights in opposition to the official's personally or their

28
                                        - 3 -

1
2
3
4

     policy generally. This allegation, however, is insufficient to state a claim that Officers Friedman and Dorman's desire to cause such a chilling effect was a but-for cause of Defendants' actions on August 3, 2009. Because Plaintiff has failed to plead facts or allegations in Count Two from which to reasonably infer that any action taken by Defendants Friedman and Dormand was in retaliation for Plaintiffs' protected activity, the Magistrate Judge recommends that Defendants' Motion to dismiss Count Two of the Amended Complaint be granted.

5   Report and Recommendation, pp. 14-15.  The Ninth Circuit has stated:

6
7
8

     Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir.1987).

9   *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).  Warden alleges engaging in

10  protected activity and alleges facts that permit a reasonable inference that Defendants

11  Durmond and Friedman had some knowledge of Warden and/or prior conduct of Warden

12  (e.g., "I know there are issues with Roy's Drivers License[;]" "Hello Roy!"  First Amended

13  Complaint, pp. 21-22).  However, there are no factual allegations or reasonable inferences

14  that Defendants Durmond or Friedman knew of prior conduct that constituted protected

15  activity before their contact with Warden on August 3, 2009.  Unlike in *Starr* where the

16  plaintiff had "specifically allege[d] that [defendant] was given notice of [the incidents,]" 652

17  F.3d at 1216, Warden has not alleged any facts that Defendants Durmond or Friedman knew

18  of Warden's protected activity.  In other words, although Warden alleges that his explanation

19  is just as plausible as any other, his explanation fails to allege facts to support it.  Moreover,

20  although a chronology of events has been alleged, retaliation cannot be inferred from that

21  chronology.  *See Starr*, 652 F.3d at 1216. (9th Cir. 2011) ("the factual allegations that are

22  taken as true must plausibly suggest an entitlement to relief").  The Court agrees with the

23  magistrate judge that Warden has failed to alleged a First Amendment retaliation claim

24  against Defendants Durmond and Friedman.  The Motion to Dismiss as to Count II will be

25  granted.

26
27
28

1   *Second Amended Complaint*

2   Warden objects to the magistrate judge's recommendation that his motion to amend

3   be denied.   Warden appears to argue that his proposed Second Amended Complaint

4   adequately states a claim upon which relief can be granted and asserts that, because justice

5   so requires, leave to amend should be granted. *Eldridge v. Block*, 832 F.2d 1132 (9th Cir.

6   1987).

7   As stated by the magistrate judge, granting leave to amend is not appropriate if the

8   proposed amendment would be futile. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

9   Cir. 1990) ("five factors are frequently used to assess the propriety of a motion for leave to

10   amend:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

11   amendment; and (5) whether plaintiff has previously amended his complaint.").

12   In Counts One, Two, Four, and Six, Warden has incorporated all prior paragraphs and

13   has alleged offenses against named and unnamed defendants.  This places the onus on the

14   Court to decipher which, if any, facts support which claims, as well as to determine whether

15   a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp.

16   1303 (D.C.Va. 1981); *see also, Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges

17   have no obligation to act as counsel or paralegal to pro se litigants" because this would

18   undermine district judges' role as impartial decisionmakers.).  As stated by the magistrate

19   judge, "[t]he Court cannot be expected to wade through Plaintiff's lengthy recitation of facts

20   and pick and choose which named and unnamed Defendants and which facts support

21   Plaintiff's claims."  Report and Recommendation, p. 26.

22   As to Count Three, it does not appear that Warden has included any additional

23   allegations regarding this claim.  In other words, the proposed Second Amended Complaint

24   does not add anything to this claim and such amendment, therefore, would be futile.

25   As to Count Five, Warden again incorporates all prior paragraphs, alleges that

26   unnamed defendants improperly exerted pressure on Defendants Rankin, Merritt, and

27   Mehroff, and then alleges that the actions of Defendants Rankin, Merritt, and Merhoff were

28

- 5 -

1    the proximate cause of harm done to Plaintiff.  Although Warden asserts that unnamed

2    persons improperly exerted pressure, he then alleges claims against Defendants Rankin,

3    Merritt, and Mehroff.  Again, Warden is placing the onus on the Court to determine which

4    facts support his claim.  Lastly, to the extent Warden is alleging claims against prosecutors,

5    prosecutorial immunity renders the proposed amendment futile.  *See generally Lacey v.*

6    *Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *see also Van de Kamp v. Goldstein*, 555

7    U.S. 335, 343 (2009).

8         The Court agrees with the magistrate judge that denial of the motion to amend is

9    appropriate.

10        Accordingly, after an independent review, IT IS ORDERED:

11        1.    The Report and Recommendation (Doc. 46) is ADOPTED.

12        2.    Defendants' Motion to Dismiss, construed as a Motion for Judgment on the

13              Pleadings (Doc. 28), is GRANTED IN PART.  The following are dismissed:

14              (a)    Count One, Paragraphs A and B, Count Three, Paragraph A, and Count

15                     Four, Paragraphs A through E, and the first two claims of Paragraph F,

16                     for failure to comply with the two-year statute of limitations applicable

17                     to Plaintiff's claims.

18              (b)    Counts Two, Three and Four for failure to state a claim.

19              (c)    Officer Flores.

20              (d)    Tucson Police Department.

21              (e)    Does 1-100.

22        3.    Defendants' Motion to Dismiss, construed as a Motion for Judgment on the

23              Pleadings (Doc. 28), is DENIED IN PART, as to Count One, Paragraph C.

24        4.    Plaintiff shall submit a document within 20 days of the date of this Order

25              providing (1) an explanation of what Plaintiff has done to try to learn the

26              names of the unnamed Defendants in Count One, Paragraph C, (2) a

27              description of what discovery he would undertake to learn their names, and (3)

28

1    the identity of at least one person who could be served with discovery.

2    5.    Plaintiff's Motion to Amend (Doc. 40) is DENIED.

3    6.    This matter is referred back to Magistrate Judge Bernardo P. Velasco for

4          further pretrial proceedings and report and recommendation in accordance with

5          the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ.P. 72.1 and 72.2.

6    DATED this 16th day of November, 2012.

_____
Cindy K. Jorgenson
United States District Judge