1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br><br>                              Plaintiff,<br><br>v.<br><br>Kathleen Robinson, et al.,<br><br>                              Defendants. | No. CV-11-00460-TUC-BPV (DCB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Kathleen Robinson's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. (Doc. 68). Plaintiff, Roy Warden, filed a response (Doc. 80) and Defendant filed a reply (Doc. 83).

Also pending before the Court is Plaintiff's "Motion to Continue Hearing on Summary Judgment until Completion of Discovery." (Doc. 85). The motion is fully briefed. (Docs. 87, 90.)

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 25.)

Plaintiff's requests for oral argument are denied because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions and oral argument would not have aided the court's decisional process.

For reasons stated herein, the Magistrate Judge recommends that Defendant Robinson's motion for summary judgment (Doc. 68) be granted; and Defendant's motion to continue and for further discovery (Doc. 85) be granted in part and denied in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The two claims that remain following the Court's order dismissing several counts and defendants from the Amended Complaint (see Docs. 49, 62) arise from events alleged by Plaintiff to have occurred at or near the May 1st Coalition community wide march held on May 1, 2010 to bring attention to immigration issues and culminating in a rally at Armory Park in Tucson, Arizona. *See generally* Count One, Amended Complaint (Doc. 1) at ¶¶ 118 A and C; Defendant's Reply, Special Operations Plan May 1st Coalition March & Rally ("SOP") Ex. 1 to Sayre Affidavit, Ex. 2.

Plaintiff alleges his rights to freedom of speech under the First Amendment were violated on May 01, 2010 when Defendant Kathleen Robinson, a police officer with the Tucson Police Department, "prevented Plaintiff from entering Armory Park, Tucson Arizona to exercise his First Amendment rights;" (Amended Complaint, Doc. 6, ¶¶ 85, 118 (A); Amended Answer, ¶ 4) and when an "unidentified Defendant TPD officer . . . threatened Plaintiff with arrest if Plaintiff did not move more than 1,000 feet away from Armory Park . . ." after he had moved across the street and began speaking to onlookers gathered there (*id*. at ¶¶ 86,118(C)).

The Special Response Division of the Support Services Bureau was the specialized unit that coordinated the SOP for the May 1st Coalition March and Rally. Defendant's Statement of Facts ("DSOF")(Doc. 69) ¶¶ 2. In May, 2010 Assistant Chief

Kathleen Robinson was responsible for the Investigative Services Bureau and did not supervise the Special Response Division. DSOF ¶ 2. On the day of the rally, there would have been no reason for Asst. Chief Robinson to have any contact with Plaintiff because she was not in charge of the Support Services Bureau and because she did not have any uniform or special response function to assist with the May 1, 2010 SOP. DSOF ¶ 4; *see* DSOF, Ex. A, Affidavit of Assistant Chief Kathleen Robinson, ¶ 7. Asst. Chief Robinson affirmatively states that she did not work on May 1, 2010, as demonstrated by the TPD Roster for May 1, 2010, and did not have any contact with Warden that day. DSOF ¶ 1; *see* Robinson Affidavit, Ex. 1, TPD Roster for May 1, 2010.

Contrary to Defendant Robinson's statement that she did not have any contact with Plaintiff on May 1, 2010, Plaintiff asserts in his affidavit that Asst. Chief Robinson is "personally known" to him, and that she denied Plaintiff entry into Armory Park on May 1, 2010. Plaintiff's Statement of Facts ("PSOF") (Doc. 81), 6. Plaintiff also challenges the legitimacy of the TPD Roster of May 1, 2010. *Id*. 10.

## II. DISCUSSION

Defendant Robinson moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law because 1) Defendant Robinson did not work on May 1, 2010 and had no contact with Warden at Armory Park that day; and 2) Defendant Robinson does not know the name of the unidentified police officer who allegedly violated Plaintiff's rights on May 1, 2010.

A.  <u>Summary Judgment Standard</u>

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." An issue of fact must be genuine. *Matsushita*

- 4 -

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). If the factual context makes the non-movant's claim implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587. The mere existence of a scintilla of evidence supporting the non-movant's position will be insufficient; there must be evidence from which a fair-minded jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 252.

## B.  Rules Governing *Pro se* Litigation

*Pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998)(*en banc*). This Court is cognizant of the special latitude given to *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Ninth Circuit, however, has made clear that a *pro se* litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986)). A *pro se* litigant is held to the same standard in responding to a motion for summary judgment as a represented party. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir.1986); *United States v. Bell*, 27 F.Supp.2d 1191, 1197 n. 4 (E.D.Cal. 1998). The Court will therefore apply the general summary judgment standard to Defendant's motion, construing Plaintiff's pleadings liberally in his favor. *See Eldridge*, 832 F.2d at 1137 ("The Supreme

Court has instructed federal courts to liberally construe the 'inartful pleading' of *pro se* litigants.") (citations omitted); *see also Semper v. JBC Legal Group*, 2005 WL 2172377, at *1 (W.D.Wash. Sept. 6, 2005) ("Although the rule requires that the allegations of a *pro se* complaint be liberally construed when determining whether a viable claim has been asserted and that strict compliance with procedural/technical rules will not be expected of *pro se* litigants, it does not alter the summary judgment standard or otherwise give *pro se* non-prisoner litigants multiple opportunities to present their evidence.").

C. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)(citations omitted). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Defendant Robinson has submitted admissible evidence demonstrating that she did not supervise the Special Response Division of the Support Services Bureau which was assigned to coordinate the SOP for the May 1st Coalition March and Rally; that she did not work on May 1, 2010; that she was not at Armory Park on May 1, 2010; that she did not have any contact with Plaintiff Roy Warden on May 1, 2010; and that she does not

know the identity of the officer who allegedly threatened Plaintiff with arrest if he did not move more than 1000 feet away from the park.

Although Plaintiff Warden states that he was in the company of members of "protect the border groups" and "secured the services of a photographer to document the events for several rallies", Warden's only evidence that Asst. Chief Robinson was present at Armory Park on May 1, 2010 is his own affidavit. PSOF 4, 6. Warden has not presented controverting evidence in the form of affidavits from the members of the "protect the border groups" he was with, or any photographs from the photographer he may or may not have engaged on that particular date, that creates a genuine issue of material fact as to the whether or not Asst. Chief Robinson prevented Plaintiff from entering Armory Park on May 1, 2010. Warden's affidavit fails to contain any detailed information about his encounter with Asst. Chief Robinson, such as who was present, where he encountered Asst. Chief Robinson, whether she was in uniform, whether she acted alone, or was aided by other TPD officers. Rather, Warden's affidavit contains only the same general allegation that he described in his complaint, and is lacking in any specificity. Defendant Robinson argues that the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment. *See* Reply (Doc. 83) at p. 2 (citing *First Nat'l Bank*, 391 U.S. at 289 & n. 19). Instead, he must produce at least some "significant probative evidence tending to support the complaint." *Id*. at 290.

Warden claims that he has "…not yet been afforded discovery …" and has not yet deposed Asst. Chief Robinson to determine her official capacity and responsibilities on

May 1, 2010. The undersigned agrees with Defendant Robinson's assessment that Plaintiff does not need to depose Asst. Chief Robinson to "discover" this information because the information is contained in her affidavit, the SOP, and the TPD Roster for May 1, 2010, which verifies that Saturday May 1, 2010 was her day off, she did not supervise the Support Services Bureau that day, did not serve any uniform or special response functions that day, and she was not at Armory Park on that day. If Plaintiff deposed Asst. Chief Robinson in the future, Warden does not explain how that deposition would reveal any more information relevant to his Amended Complaint than that which is already presented in her affidavit, in the TPD duty Roster for May 1, 2010, or in the SOP, all of which he already has.

Finally, Warden claims that he is presenting additional facts which cast doubt on the veracity of Defendant Robinson's denial that she was in Armory Park on May 1, 2010, and challenges the legitimacy of the documents she presents. *See* Response (Doc. 80) at p. 4.This claim is based upon his affidavit asserting that he read through a trial transcript, in an unrelated case filed in this Court over ten years ago, that he alleges revealed that Defendant Miranda, then Chief of Police at the Tucson Police Department, retaliated against the plaintiff in that case by falsifying TPD records and providing false testimony. Aside from the numerous admissibility issues of this evidence, which Defendant highlights in her Reply (Doc. 83 at p. 4), the actions of Defendant Miranda in a completely unrelated case has no probative value to the factual dispute at issue in this motion.

Defendant Robinson has presented evidence establishing a factual context that

1
2
3
4
5
6
7
8
9
10
11
12
13

makes Plaintiff's claim, which rests solely on Plaintiff's allegation in his Amended Complaint and supporting affidavit, implausible. Accordingly, Plaintiff was required to come forward with more persuasive evidence to support his claim than would otherwise be necessary. *See Matsushita*, 475 U.S. at 587. Defendant has failed to support his claim with more persuasive evidence. The Ninth Circuit has held that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Thus, Plaintiff's testimony-lacking any supporting documentation or detailed information regarding the incident which occurred on May 1, 2010[1]—does not create a genuine issue of material fact sufficient to withstand summary judgment.

14
15
16
17

Accordingly, the Magistrate Judge recommends that the District Judge grant Defendant's motion for summary judgment on the grounds that Plaintiff has failed to demonstrate a triable issue of fact as to his claim against Defendant Robinson.

18

D.    Motion to Continue Hearing and for Further Discovery

19
20
21
22
23
24

Finally, Plaintiff requests a motion to continue the hearing on the motion for summary judgment until the completion of discovery.[2] (Doc. 85.) Rule 56(d) of the Federal Rules of Civil Procedure permits a party to resist a summary judgment motion by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts

25
26
27

[1] Plaintiff's recitation of facts is so lacking in detailed information as to be virtually identical to the claims he has brought in this Amended Complaint, and in another action filed in this Court (see CV 13-283-TUC-DCB), regarding similar incidents that allegedly occurred in three other years: May 1, 2008; May 1, 2009; and May 1, 2011.

28

[2] Plaintiff opposes the motion for summary judgment and requests further discovery pursuant to Rule 56(f), the predecessor to Rule 56(d). For purposes of this motion, the Court will construe this motion as a motion pursuant to Rule 56(d).

essential to justify its opposition" to the motion. A party may invoke Rule 56(d) to ask the court to deny the summary judgment motion outright or delay consideration while the party completes necessary discovery.

A party relying on Rule 56(d) must offer specific reasons that it needs additional discovery to oppose a summary judgment motion. The affidavit must set out "the specific facts it hopes to elicit from further discovery" and show that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (explaining that for a continuance under Rule 56(f), predecessor to 56(d), parties must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion").

Rule 56(d) only applies "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)). However, courts should grant Rule 56(d) motions "fairly freely" when a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003*); see Metabolife Int'l,* 264 F.3d at 846.

1    Plaintiff's affidavit states that he attempted to obtain records from the Public

2   Records Clerk at TPD pertaining to duty assignments and incidents which might have

3   occurred within Armory Park or the surrounding area on May 1, 2010, but was informed

4   that these were not public records, and could be obtained only through formal discovery.

5   *See* Affidavit of Roy Warden (Doc. 86) ¶¶ 11-15. Plaintiff states because he has not been

6   afforded formal discovery, he has not been able to obtain the evidence he needs to learn

7   the name of the "unidentified police officer" who violated his rights on May 1, 2010, and

8   "other facts" he needs to resist this motion for summary Judgment. *Id* at ¶ 16.

9   Specifically, discovery conducted upon the TPD officers named in the SOP will 1) reveal

10   the names of the other TPD officers who participated in the May 1, 2010 rally; and 2)

11   reveal the presence of Kathleen Robinson at Armory Park on May 1, 2010, despite the

12   fact she was not assigned to be there; and 3) the name of the "unidentified police officer"

13   who violated his rights as alleged in Count One. *Id*. at ¶ 20.

14    Defendants do not oppose Plaintiff's motion as it relates to further discovery in an

15   attempt to identify the "unidentified police officer" but maintain that Defendant Robinson

16   should still be dismissed from this case.  (Doc. 87.) The undersigned agrees. Plaintiff

17   provides no basis or factual support, through his own affidavit or the affidavit of any

18   witness, to suggest that discovery conducted upon the TPD officers who participated in

19   the May 1, 2010 rally would reveal the presence of Kathleen Robinson at Armory Park.

20   Speculation cannot support a Rule 56(d) request. *Margolis v. Ryan*, 140 F.3d 850, 854

21   (9th Cir.1998) ("wild speculation" will not support 56(d) request); *Terrell v. Brewer*, 935

22   F.2d 1015, 1018 (9th Cir. 1991) (denial of 56(d) request proper when "the evidence

sought ... is the object of pure speculation"). The Magistrate Judge recommends that Plaintiffs' request to continue the motion for summary judgment and conduct additional discovery as it relates to Defendant Robinson be denied.

III.   **RECOMMENDATION**

For the reasons stated above, the Magistrate Judge RECOMMENDS that:

(1)   Defendant Robinson's Motion Summary Judgment (Doc. 68) be GRANTED;

(2)   Plaintiff's "Motion to Continue Hearing on Summary Judgment until the Completion of Discovery" (Doc. 85) be GRANTED IN PART as to continued discovery regarding the "unidentified officer" and DENIED IN PART as to Defendant Robinson's motion for summary judgment.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. See id. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

If objections are filed the parties should use the following case number: **CV 11-0460-TUC-DCB.**

Dated this 3rd day of December, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge