# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,        )<br>           )<br>       Plaintiff,     )<br>           )<br>v.          )<br>           )<br>Kathleen Robinson, et al.,  )<br>           )<br>       Defendants.    )<br>_____) | CV 11-460-TUC-DCB<br><br><br>**ORDER** |

This matter was referred to Magistrate Judge Bernardo P. Velasco on March 8, 2012, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a).  On December 3, 2013, Magistrate Judge Velasco issued a Report and Recommendation (R&R).  He recommends that the Court grant summary judgment for Defendant Kathleen Robinson.  The Magistrate Judge found there is no material fact in dispute regarding Defendant Robinson's role in the alleged violation of Defendant's constitutional rights.  Defendant submits only a self-serving affidavit to rebut documentary evidence which reflects she was not present during the alleged violation.  The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and grants summary judgment for Defendant Robinson.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,*

1  474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)), *see also*, *Wang v. Masaitis,*
2  416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114,
3  1121-22 (9th Cir.2003) (*en banc*).  To the extent that no objection has been made, arguments
4  to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections
5  waived unless specific, written objections made within fourteen days of service of the
6  R&R), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to
7  Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R.
8  Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)
9  (when no timely objection is filed, the court need only satisfy itself that there is no clear
10 error on the face of the record in order to accept the recommendation)).

   The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. §
636(b)(1), they had 14 days to file written objections.  The Court has considered the
objections filed by the Plaintiff, the Defendant's response to Plaintiff's objection, and the
relevant portions of the parties' briefs considered by the Magistrate Judge in deciding the
motion for summary judgment.

## OBJECTIONS

The objection filed by Plaintiff asserts that the Tucson Police Department (TPD) Roster of May 1, 2010, a Saturday, which reflects that Defendant Robinson was off work is not legitimate.  The Magistrate Judge based his R&R on the Roster and Defendant Robinson's assertion by affidavit that she was not employed in the Special Response Division of the Support Services Bureau, which was the unit responsible for coordinating the Special Operations Plan for the May 1st Coalition March & Rally.  The coalition rally was organized to bring attention to immigration issues; Plaintiff sought to counter-demonstrate and was allegedly denied entry to the park and prevented from counter-demonstrating across the street in violation of his First Amendment right to free speech.  While she is currently in charge of the Support Services Bureau, she attests that on May 1, 2010, she was responsible for the Investigative Services Bureau.  She had no reason to be and was not involved in the

1  Special Operations Plan for the May 1st Coalition March and Rally.  As reflected in the TPD
2  Roster, Defendant Robinson confirmed in her sworn affidavit that she was "off" work on
3  Saturday, May 1, 2010.

4  In his objection, Plaintiff asserts that preliminary discovery reflects there is a roster of
5  the TPD participants at the May 1, 2010, rally, and TPD generated film and video records of
6  the rally.  He asserts both will reflect whether or not Defendant Robinson was there as he
7  asserts she was in his affidavit.  Plaintiff asks the Court to delay the grant of summary
8  judgment for Robinson until discovery can be completed.  He attests to more specific details
9  he recalls from that day regarding Defendant Robinson's involvement to counter the
10 criticism in the R&R that his affidavit lacks specificity and contains only the same general
11 allegation he described in his complaint.

12 The R&R found fault with Warden's affidavit because he failed to include information
13 such as: "who was present, where he encountered Asst. Chief Robinson, whether she was in
14 uniform, whether she acted alone, or was aided by other TPD officers."  Now he attests:
15 "she was located near the north-west corner of Armory Park, close to the corner of east 12th
16 Street and 6th Avenue, on the path leading into the park;" she was in uniform and with
17 leaders of the coalition rally; he showed her a letter written by Tucson City Attorney, which
18 explained that, under *Gathright v. City of Portland*, 439 F.3d 573 (9th Cir. 2006), police
19 could not exclude him from the park simply because others had obtained an exclusive use
20 permit; and she denied him entry into the park.  (Objection (Doc. 94) ¶ 3.)

21 While Plaintiff's recall is now quite specific, he has not explained away the remainder
22 of the Magistrate Judge's criticism which was that "[a]lthough Plaintiff Warden states that
23 he was in the company of members of 'protect the border groups' and 'secured the services
24 of a photographer to document the events for several rallies,' Warden's only evidence that
25 Asst. Chief Robinson was present at Armory Park on May 1, 2010 is his own affidavit."
26 (R&R (Doc. 91) at 7.)  The Court agrees that deposing Defendant Robinson would not
27 provide any information contrary to her affidavit and the TPD roster.  Now, the Plaintiff
28

1 asserts he has a portable hard drive containing video records of the rally, which may provide
2 evidence of her attendance at the rally, but it is currently being inspected for repair, and he
3 may or may not be able to retrieve the videos contained there. (Objection (Doc. 94) ¶ 4.)
4 Still, there is no evidence.

5 This Court agrees with the Magistrate Judge and finds: "Defendant Robinson has
6 presented evidence establishing a factual context that makes Plaintiff's claim, which rests
7 solely on Plaintiff's allegation in his Amended Complaint and supporting [self-serving]
8 affidavit, implausible. Accordingly, Plaintiff was required to come forward with more
9 persuasive evidence to support his claim than would otherwise be necessary." (R&R (Doc.
10 91) at 9 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp,*, 457 U.S. 574, 587
11 (1986), *and see Hanson v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (self-serving
12 affidavit lacking detailed facts and any supporting evidence is insufficient to create a
13 genuine issue of material fact)). There remains no evidence to support his claim that
14 Defendant Robinson was present at the rally, given the existence of the TPD roster reflecting
15 she was off work that day.

16 The Court notes that Defendants have filed a second Motion for Summary Judgement,
17 which asserts that as a matter of law unknown TPD officers did not violate the Plaintiff's
18 constitutional rights based on the facts as alleged by Plaintiff. Defendants assert this second
19 Motion for Summary Judgment can be ruled on based on the law and, therefore, additional
20 discovery is not necessary unless the motion is denied. Whether or not discovery should be
21 delayed is a question for the Magistrate Judge, but the Court notes that if and when
22 discovery is conducted, it reveals any out-right misrepresentation regarding Defendant
23 Robinson by either party, the Court has remedial powers to correct any manifest error,
24 including sanction powers. Fed. R. Civ. P. 26(g)(3); *Combs v. Rockwell Inter. Corp.*, 927
25 F.2d 486, 488 (9th Cir. 1991).

26 /////

27 /////

28

**CONCLUSION**

After *de novo* review of the issues raised in Defendant's objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the Motion for Summary Judgment for Defendant Robinson. The Court adopts it, and for the reasons stated in the R&R, the Court grants the Defendant's Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objection, the Magistrate Judge's Report and Recommendation (Doc. 91) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 68) is GRANTED, and the Motion to Continue Hearing (Doc. 85) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rules (Civil) 72.1.

DATED this 23rd day of January, 2014.

David C. Bury
United States District Judge