IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden,<br>　　　　　　Plaintiff,<br>vs.<br>Bob Walkup, et al.,<br>　　　　　　Defendants. | No. CV-11-460-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Roy Warden ("Warden") filed this action on July 29, 2011, and filed an amended complaint ("Amended Complaint") on November 22, 2011 (Doc. 6).

Before the Court are Plaintiff's Motion for Leave to Amend Complaint (Doc. 120) and Defendants' Objection to Plaintiff's Notice of Substitution of Parties (Doc. 117). For the reasons stated below, the Magistrate Judge recommends that the District Court deny Plaintiff's motion to amend (Doc. 120), and dismiss this action in its entirety.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The one claim that remains following the Court's order dismissing several counts and defendants from the Amended Complaint (*see* Docs. 49, 62, 102) alleges that an

unidentified Tucson Police Department (TPD) officer threatened Plaintiff with arrest if he did not move more than 1,000 feet away from Armory Park on May 1, 2010. Amended Complaint (Doc. 6) Count One, at ¶ 118 (C).

Plaintiff moves for leave to amend the Amended Complaint on the basis of Defendants' Initial Disclosure, and a DVD from May 1, 2010, in the possession of Plaintiff, which he alleged was misplaced. *See* (Doc. 118). Plaintiff has lodged a proposed Second Amended Complaint that appears to comply with Local Rule (LRCiv) 15.1(a) (proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."). (Doc. 119).

Defendants object to the motion for leave to amend for failure to comply with Rule 8, Federal Rules of Civil Procedure, and because the allegation of new claims and additional defendants does not meet the requirements of Rule 15, Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also

requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The undersigned has reviewed Plaintiff's proposed Second Amended Complaint ("SAC") (Doc. 119) and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's complaint is not simple and concise, it is dense and verbose, with so many factual averments of such specificity, re-alleged in every count, that it is impossible to discern which facts support, or are even relevant to, which claims. Plaintiff's proposed SAC is 37 pages long, with over 100 paragraphs of largely irrelevant "facts and allegations" re-alleged in each and every count as the basis for that count, with each count raising multiple claims against multiple defendants. This places the onus on the Court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981); *see also, Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers.). Additionally, the SAC is burdened with legal argument, citation to case-law, and conclusory factual averments based on unrelated legal litigation. The Court cannot meaningfully review the SAC. Accordingly, the undersigned recommends that the District Court deny Plaintiff's motion for leave to file a second

amended complaint. Additionally, notwithstanding Plaintiff's *pro se* status, the undersigned recommends that the District Court order than any further such filings can only be viewed as intended to vex and harass and will result in dismissal with prejudice.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. *See, e.g.*, *United States v. Hougham*, 364 U.S. 310, 316 (1960); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). In seeking to amend the complaint, however, Plaintiff has not presented an appropriate basis for the Court to conclude that amendment is appropriate. *See generally Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint"). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Id*.

Here, upon consideration of the above factors, the undersigned finds that leave to amend should be denied. Two significant factors weigh against granting leave to amend. First, after more than three years narrowing the relevant justiciable issue in this case from allegations that are untimely, precluded, or failed to state a claim, the case is now ready

to proceed with discovery. This action is over three years old. Granting leave to file another amended complaint would essentially start the case over, at least with respect to those defendants Plaintiff seeks to add in his proposed Second Amended Complaint, would add more delay and expense in reaching the merits of Plaintiff's claims and is inconsistent with Rule 1, Fed.R.Civ.P., ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Additionally, the undersigned finds that the undue delay is attributable to Plaintiff. The only reason Plaintiff cites for the delay in seeking leave to amend[1] is that he misplaced a DVD for over three years. *See e.g., Segal v. Rogue Pictures*, 544 Fed.Appx. 769, 770 (9th Cir. 2013)(undue delay attributable to Plaintiff whose only provided reasons for the delay was that he had lost the evidence in support of his claim among his own possessions and had only recently located it)(citing *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953-954 (9th Cir. 2006)).

Second, the Court finds Plaintiff's proposed amendments would be futile because they allege claims against ten additional defendants, but do not comply with Rule 15(c)(3) for all of the reasons stated in Defendants' response to the motion to amend.

---

[1] Plaintiff also refers to the submission of initial disclosures by Defendants in his motion for leave to amend, Plaintiff states that these initial disclosures "revealed the identifies of several civilians and a number of Tucson Officials and TPD personnel who planned and executed the intentional violation of Plaintiff's rights on May 1, 2010." This, however, is not a valid justification for undue delay. Unknown defendants may be included in a complaint in certain circumstances such as when the identity of the alleged defendants is not known prior to the filing of the complaint, but may be identified through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980). Plaintiff should have alleged his claims in a previous complaint when the nature of the claims was known to him even if the identity of the defendant could not have been determined absent disclosure. Plaintiff has demonstrated he is more than fully capable of filing a claim against unnamed defendants.

Most significantly, the allegations against these individuals do not relate back to conduct, transactions, or occurrences set forth in the original pleadings. The Defendants named in Count One, Two, and Four of the proposed Second Amended Complaint lacked notice, there was no way they could have known that they would be a party to this lawsuit because the allegations are completely new and do not relate back to the original or first amended complaint. Plaintiff cannot show the new defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c)(3)(C). In addition, an amendment to the new proposed allegations in Count One, Two, and Four (Doc. 119) would be futile because the statute of limitations has run against these defendants. The statute of limitations for an action brought pursuant to 28 U.S.C. § 1983 in Arizona is two years. *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999); *Madden-Tyler v. Maricopa County*, 189 Ariz. 462, 466, 943 P.2d 822, 826 (App. 1997).

With regards to the only remaining allegation in this case, found at paragraph 118(C) of the Amended Complaint (Doc. 6), Plaintiff proposes to amend the complaint to change the party sued naming Defendants Azuelo, Wooldridge, and Johnson (Doc. 119, ¶ 146(A) and (B)) for the "unidentified Defendant TPD officer" named in Plaintiff's first amended complaint (Doc. 6 ¶ 118(C)) as follows:

> Count 1, Plaintiff alleges that the following Defendants violated Plaintiff's rights under the First Amendment as set forth below:
>
> \* \* \*
>
> C. The unidentified Defendant TPD officer who, on May 1, 2010,

threatened Plaintiff with arrest if Plaintiff did not move more than 1,000 ft. away from Armory Park… (Doc. 6 ¶118(C)).

As noted above, Plaintiff was in possession of the information that revealed the name of the "unidentified" TPD officer, but due to his lack of diligence he listed the defendant as "the unidentified TPD officer." Plaintiff's statements regarding the identification of the "unidentified TPD officer" are inconsistent and misleading. Plaintiff has previously stated that he "did not have access to a DVD of events which occurred in Armory Park on May 1, 2010 when he filed his Complaint for damages in this action." *See* Doc. 112, ¶ 6. This assertion is disingenuous at best as the DVD was admittedly in Plaintiff's possession. Moreover, even if the DVD would not have provided Plaintiff with the unidentified officer's name without comparing it to the names listed on the "Special Operations Plan May 1st Coalition March & Rally", this document was submitted by Defendants on June 6, 2013, as an exhibit submitted in support of Defendant Robinson's motion for summary judgment. *See* (Doc. 83, Ex. 2). Plaintiff does not explain why he waited nearly ten months to move to amend the complaint to identify the unnamed TPD officer, or to make a notification of substitution. Further misleading is Plaintiff's attempt to amend the claim through notice of substitution by substituting three named officers for the single unidentified TPD officer in the remaining claim. *See* (Doc. 6, ¶¶ 86, 118 (C)). The Amended Complaint clearly identifies actions taken by a single TPD officer. (*Id*.) Three parties cannot be substituted in place of a single unnamed defendant without further amendment of the complaint.

Accordingly, for all the reasons stated above, the Magistrate Judge recommends

that the District Court deny Plaintiff's Motion to Amend.

Rule 15(a) does not require the Court to grant a party leave to amend where the party has not been diligent. For example, where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied. *Jordan v. County of Los Angeles,* 669 F.2d 1311, 1325 (9th Cir.), *vacated and remanded on other grounds*, 459 U.S. 810 (1982) (citations omitted). Because any further attempt to amend the complaint to add additional defendants or substitute parties would be not be allowed under Rule 15(a), and because there are no other claims in the Amended Complaint for Petitioner to litigate, the Magistrate Judge recommends that the District Court dismiss this action in its entirety.

## II. RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DENY Plaintiff's Motion to Amend (Doc. 118) and FURTHER RECOMMENDS that the District Court dismiss this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). **No reply to any response shall be filed**. *See id.*

If objections are filed the parties should use the following case number: CV 11-0460-TUC-DCB. If objections are not timely filed, then the parties' rights to de novo

review by the District Court may be deemed waived.

Dated this 5th day of May, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge