-dcb

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Roy Warden,<br><br>            Plaintiff,<br><br>v.<br><br>Kathleen Robinson, et al.,<br><br>            Defendants. | CV 11-460-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Bernardo P. Velasco on March 8, 2012, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On November 16, 2012, the Court dismissed numerous claims as barred by the statute of limitations, dismissed certain named Defendants for failing to state a claim, and denied Plaintiff leave to file a Second Amended Complaint to add claims against named and unnamed Defendants as being futile. The Court directed the Plaintiff to file a document explaining his efforts to learn the names of the unnamed Defendants. (Order (Doc. 49)). On December 5, 2012, the Plaintiff responded. He did not identify any actions taken, but reported he would request all police reports related to himself, and he asked to submit interrogatories regarding the identities of unknown Defendants to Kathleen Robinson, who he identified as the supervisor on May 1, 2010 in Armory Park. He asked the Court to reconsider, which it did, dismissal in part as to allegations for 2010 in Count 1 ¶ 118(A), which alleged Defendant Kathleen Robinson prevented Plaintiff's entry into Armory Park in 2008, 2009, and May 1, 2010. On December 14, 2012, Plaintiff filed an interlocutory appeal, which was denied for lack of jurisdiction by the Ninth Circuit Court of Appeals. (Order of USCA (Doc. 61); Mandate (Doc. 64)).

1  On January 29, 2014, following remand and motion by the Defendants, the Court
2  granted summary judgment for Defendant Kathleen Robinson, pursuant to a Report and
3  Recommendation (R&R) from  Magistrate Judge Velasco, leaving only one claim
4  remaining: that an unknown TPD officer violated Plaintiff's freedom of speech.  (Amended
5  Complaint (Doc. 6) at 24-25); (R&R (Doc. 91) at 2).  The case remained referred to
6  Magistrate Judge Velasco for case management and R&R related to Count One ¶118(C):
7  "An unidentified Tucson Police Department (TPD) officer [] threatened Plaintiff with arrest
8  if he did not move more than 1,000 feet away from Armory Park on May 1, 2010."
9  (Amended Complaint (Doc. 6)).

Rather than proceeding on this claim, on April 4, 2014, Plaintiff filed a Motion to Amend the First Amended Complaint seeking to add new Defendants, beyond the unknown TPD officer, and claims arising prior to the May 1, 2010 incident, which this Court has already ruled barred by the statute of limitations.  On May 5, 2014, the Magistrate Judge issued an R&R that this Court refuse the amendment.  Additionally, the Magistrate Judge recommends dismissing the case as no further amendment should be allowed under Fed. R. Civ. P. 15(a) because the Plaintiff has not been diligent in seeking the identity of the unknown TPD officer.  In now appears that the Plaintiff has at all times since the inception of the case had possession of tapes, notes, and business cards reflecting the identity of the officers he encountered on May 1, 2010, at Armory Park.

Since the Magistrate Judge issued the R&R, Plaintiff has filed an Objection to the R&R, and Defendant has filed a Response to the Objection.  Plaintiff has also filed another motion to amend the First Amended Complaint and a motion to stay discovery and extend time to submit an expert witness report.  Defendant has filed a Response to the Motion to File a Third Amended Complaint.  There is no Reply.  The matter of further amendment of the First Amended Complaint is fully briefed and ready for disposition.

The Court adopts the recommendation of the Magistrate Judge and denies both motions to amend and dismisses the case.

The Magistrate Judge correctly found that the Second Amended Complaint (Doc. 119), proposed on April 4, 2014, fails to comport with Fed. Rule of Civil Procedure, Rule 8 and 10, because it is "not simple or concise, it is dense and verbose, with so many factual averments of such specificity re-alleged in every count, that it is impossible to discern which facts support, or are even relevant to, which claims." (R&R (Doc. 123) at 3.) More importantly, two of the five factors for determining the propriety of amendment weigh against it. The five factors are: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 4) whether plaintiff has previously amended the complaint. (R&R (Doc. 123) at 4 (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The Magistrate Judge found the two weighing against amendment are delay and futility. The Court adds that bad faith and prejudice also weigh against an amendment.

Plaintiff struck duplication of his factual assertions in a Third Amended Complaint (Doc. 130), proposed on May 28, 2014, which was reduced in density, but not in verbosity. The proposed Third Amended Complaint does not affect this Court's analysis regarding the propriety of further amendment to the First Amended Complaint. For all the reasons stated in the R&R, the First Amended Complaint cannot be amended to cure its deficiency, which is the failure to identify the Unnamed TPD officer. The Court explains why.

It now appears that on May 1, 2010, Plaintiff arrived at Armory Park with a videographer recording the details of Plaintiff's encounters. Plaintiff allegedly lost the DVD, but has now found it. The DVD reflects that Plaintiff encountered TPD officers Azuelo, Wooldridge, and Johnson, he asked for each of these officers names and identification, expressly, for the purpose of naming them in a lawsuit that he told them he would be filing. Lt. Azuelo provided his name and business card, and the other two officers wrote their names and badge numbers down for the Plaintiff. (D's Resp. to Objection (Doc. 132) at 4-5 (citing Reply to Object (Doc. 132), Ex. 1: Att. Romero-Wright Affid.) (reflecting information contained on the DVD)).

Plaintiff failed to name the TPD officer in Count 1 when he filed the original Complaint and the First Amended Complaint. Therein, he named only Defendant Robinson and an

- 3 -

"unidentified Defendant TPD officer" with conduct occurring on May 1, 2010, at Armory Park. Now he seeks to add three TPD officers to Count 1.

Plaintiff blames the delay in identifying the individuals he seeks to add as defendants on Defendants' delayed disclosures, but the City disclosed the May 1, 2010, Special Operations Plan to the Plaintiff in June 2013. Assuming Plaintiff did not know the three officers' identities until then, he does not explain why he waited approximately ten months, until April 4, 2014, to add new defendants. He provides no explanation for the three-year delay in "finding" the DVD, which he made on May 1, 2010, for the purpose of filing the law suit, which was filed on July 29, 2011. He does not explain why he alleged in his original and First Amended Complaint that only one "unknown TPD officer" acted to violate his rights when he knew he took three officers' names and identification information on May 1, 2010. He does not explain why he previously asserted that Officer Robinson, a woman, was the unknown officer when he knew he had encountered and videotaped three male officers.

When the Court granted Defendants' Motion to Dismiss Officer Robinson, it warned that if future discovery in this case revealed "any out-right misrepresentation regarding Defendant Robinson by either party, the Court has remedial powers to correct any manifest error, including sanction powers." (Order (Doc. 103) at 4.) The Court finds that Plaintiff made such an out-right misrepresentation, and Plaintiff has further acted in bad-faith in respect to unduly delaying the case by failing to come forward with the identity of unknown officers. He had this information in his possession from the inception of the case.

Adding the newly proposed claims and defendants will also prejudice the Defendants because it would result in another round of motions to dismiss for futility.

As to claims he seeks to add against individuals other than the three individuals he proposes in place of the "unknown TPD officer," even without the DVD the Plaintiff had first-hand knowledge of the facts concerning the May 1, 2010, event. The DVD reveals Paul Teitelbaum personally handed the Plaintiff a copy of the exclusive use permit, which identified the 1st Coalition for Worker and Immigrant Rights defendants, including Teitelbaum. (Response to Motion to Amend (Doc. 133) at 4 (citing Reply to Object (Doc.

- 4 -

132), Ex. 1: Att. Romero-Wright Affid.¶ 4)). Plaintiff cannot add these individuals as defendants, now, because he cannot show that they "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against them." Fed. R. Civ. P. 15(1)(C)(ii). Therefore, the claims against them cannot relate back in time to the filing date of the original Complaint and are barred by the statute of limitations. "'[I]n Arizona, the courts apply a two-year statute of limitations to § 1983 claims.'" (R&R (Doc. 46) at 7 (citing *TwoRivers v. Lewis*, 174 F.3d 987, §999 (9TH Cir. 1999)).

Plaintiff seeks to add new claims that are not related to the conduct or occurrence set out in the remaining claim in Count One. The statute of limitations has run against these claims. (R&R (Doc. 123) at 4-5; R&R (Doc. 46) at 7-12; Order (Doc. 49) at 2-3.)

The Court agrees with the Magistrate Judge. Plaintiff has not been diligent in proceeding with this case. The delay in identifying the unknown TPD officer is attributable to him, and he has acted in bad faith. Additionally, the Court views the Motion to File a Third Amended Complaint to be vexatious and harassing. Because further amendment to the First Amended Complaint is not allowed, the case is dismissed against the unknown TPD officer.

## CONCLUSION

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the Plaintiff's motions to further amend the First Amended Complaint. The Court adopts the R&R, and for the reasons stated in it, the Court denies the motions to amend and dismisses the case.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objection, the Magistrate Judge's Report and Recommendation (Doc. 123) is accepted and adopted as the findings of fact and conclusions of law of this Court.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 118) is
2 DENIED.
3    **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend (Doc. 129) is
4 DENIED.
5    **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Stay and Motion for
6 Extension of Time (Doc. 134) is DENIED.
7    **IT IS FURTHER ORDERED** that this case is dismissed for failure to amend it to state
8 a claim against a defendant, and the Clerk of the Court shall enter Judgment accordingly,
9    DATED this 21st day of July, 2014.

David C. Bury
United States District Judge